United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL DANIELS, | No. C-13-02468 DMR |
| Plaintiff, | **ORDER DISMISSING CASE** |
| v. | |
| GREGORY J. AHERN, *et al.*, | |
| Defendants. | |
| _____/ | |

On June 3, 2013, Plaintiff Russell Daniels filed suit in this Court along with an application to proceed *in forma pauperis* ("IFP")]. [Docket Nos. 1, 2.] On September 20, 2013, the court granted Plaintiff's IFP application and dismissed the Complaint with leave to amend to remedy the deficiencies noted in the order. [Docket No. 9.] The court ordered Plaintiff to file an amended complaint by no later than October 10, 2013. Plaintiff did not file an amended complaint, and on October 16, 2013, the court issued an Order to Show Cause, ordering Plaintiff to explain why this case should not be dismissed for failure to prosecute. [Docket No. 10.] Plaintiff timely responded and the court granted Plaintiff until November 8, 2013 to file an amended complaint. [Docket Nos. 11, 12.]

//

//

Plaintiff filed a First Amended Complaint on November 12, 2013. [Docket No. 13.] In the First Amended Complaint, Plaintiff alleges the same eight causes of action as in the Complaint: 1) a § 1983 claim for violation of the Equal Protection Clause of the Fourteenth Amendment; 2) violation of the Unruh Civil Rights Act, California Civil Code section 51; 3) conversion; 4) intentional interference with contractual relationships; 5) negligent interference with contractual relationships; 6) intentional infliction of emotional harm; 7) negligent infliction of emotional harm; and 8) negligence. Plaintiff also added two new claims for forcible detainer in violation of California Civil Code section 789.3 and criminal forcible detainer in violation of California Penal Code section 418.

With respect to the eight claims originally alleged in the Complaint, Plaintiff has not addressed the deficiencies noted by the court in its order dismissing the Complaint with leave to amend. As Plaintiff was given the opportunity to amend his Complaint to adequately plead these claims but failed to do so, they are dismissed. Plaintiff's two new claims are also deficient. With respect to Plaintiff's claim for forcible detainer, California Civil Code section 789.3 provides only that a "landlord" shall not willfully "prevent [a] tenant from gaining reasonable access to [property used by a tenant as his or her residence] by changing the locks or using a bootlock or by any other similar method or device." Cal. Civ. Code § 789.3(b)(1). Section 789.3 "does not apply to persons other than landlords." *Otanez v. Blue Skies Mobile Home Park*, 1 Cal. App. 4th 1521, 1526 (1991); *see also* Cal. Civ. Code § 789.3(c) ("Any landlord who violates this section shall be liable . . ."). In his First Amended Complaint, Plaintiff identifies Mirek Boruta as his landlord, but does not name him as a defendant in this matter. With respect to Plaintiff's claim for criminal forcible detainer, California Penal Code section 418 is a criminal statute providing for criminal penalties for the use of "force or violence in entering upon or detaining any lands or other possessions of another." Cal. Penal Code § 418. The section does not provide for a private right of action or civil remedy.

Therefore, as Plaintiff may not bring claims for forcible detainer and criminal forcible detainer against Defendants, the court dismisses these claims, and orders the closure of this case.[1]

IT IS SO ORDERED.

Dated: November 26, 2013



_____
DONNA M. RYU
United States Magistrate Judge

**United States District Court**
For the Northern District of California

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).